[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2011
JOHN LEY
CLERK

No. 11-13062
Non-Argument Calendar

D. C. Docket No. 8:10-cv-01944-EAK-TGW

FRANK J. BRIGLIADORA,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(November 28, 2011)

Before DUBINA, Chief Judge, MARCUS and FAY, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court granting appellee Wells Fargo Bank, N.A.'s motion to dismiss with prejudice on the basis that appellant Frank J. Brigliadora ("Brigliadora") failed to sufficiently plead a cause of action for violations of the Truth-in-Lending-Act ("TILA") and Regulation Z and also for common law breach of contract. Originally, the first amended complaint contained a total of five counts; however, Brigliadora voluntarily dismissed Counts Four and Five. Count One alleged violations of the TILA and Regulation Z. Count Two sought a declaratory judgment for the same acts and occurrences. Count Three contained a common law claim for breach of contract. The basis of the dispute centers around a home equity line of credit agreement with Wells Fargo's predecessor, Wachovia Bank, with a credit limit of $415,000.00. Several years later, Wells Fargo notified Brigliadora that his home equity line of credit was being reduced to essentially its current balance due to a substantial decrease in the value of his property. Brigliadora contacted Wells Fargo to determine the specific basis for its action. Wells Fargo replied by stating that Brigliadora's property was valued using an automated valuation method ("AVM") and that the value of the property, as of March 25, 2010, was determined to be $294,000.00. Brigliadora then requested that the bank reinstate the original credit limit of $415,000.00. When the bank refused, Brigliadora filed suit.

This court reviews *de novo* a district court's order dismissing a complaint with prejudice, applying the same legal standard used by the district court. *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

The rules of pleading require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). While Rule 8 does not require "detailed factual allegations," it does require that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").

"To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1950 (internal quotation and citation omitted).

After reviewing the record and reading the parties' briefs, we first conclude that the district court properly dismissed Brigliadora's claims based on TILA and Regulation Z because Brigliadora's conclusory allegation that his property did not significantly decline in value lacks any supporting factual allegations. Moreover, Brigliadora's attack on Well Fargo's use of the AVM to determine the value of the property is meritless. Neither TILA nor Regulation Z require a creditor to employ a particular valuation model, and the mere use of an AVM is not unlawful and does not give rise to liability under TILA or Regulation Z. We also agree with the district court that because Brigliadora has failed to state a viable claim, his request for declaratory relief based on the same alleged violation of TILA and Regulation Z must also fail.

Finally, we agree with the district court that Brigliadora's breach of contract claim is also deficient and was properly dismissed.

Accordingly, for the above-stated reasons, we affirm the district court's order granting Wells Fargo's motion to dismiss Brigliadora's First Amended complaint.

**AFFIRMED.**